UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON HAMMEL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *     C.A. No. 18-10734-ADB |
| | * |
| NORFOLK COUNTY D.A. OFFICE, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court (1) grants the plaintiff's motion to proceed *in forma pauperis*, (2) assesses plaintiff an obligation to make monthly payments towards the filing fee pursuant to 28 U.S.C. § 1915(b)(2), and (3) directs him to show cause in writing why this action should not be dismissed, or, in the alternative, to file an amended complaint.

I.   **BACKGROUND**

On April 16, 2018, Jason Hammel ("plaintiff" or "Hammel"), now in custody at MCI Cedar Junction, filed his *pro se* complaint while in custody of the Norfolk County Sheriff. *See* Complaint ("Compl."), Dkt. No. 1.

Because the complaint was filed without payment of the filing fee, Hammel was granted additional time either to pay the fee or file a request to proceed *in forma pauperis*. *See* 06/25/2018 Procedural Order, Dkt. No. 5. Now before the Court are Hammel's Application to Proceed in District Court without Prepaying Fees or Costs and his prison account statement. *See* Dkt. Nos. 6, 7.

The complaint consists of a preprinted complaint form (AO Pro Se 14) and 53 pages of documents with additional allegations and exhibits. *See* Compl. Plaintiff's complaint concerns events that occurred while Hammel was in the custody of the Norfolk County Sheriff and his claims are brought pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. *Id.* at ¶¶ II(B), IV(C). The complaint names the following twelve defendants: (1) the Norfolk County District Attorneys' Office; (2) ADA Danielle Piccarini; (3) ADA Lisa Beatty; (4) Sheriff Michael Bellotti; (5) Dr. Patricia Pickett; (6) Superintendent Gerard Horgan; (7) Assistant Deputy Superintendent Danielle Boomhower; (8) County of Norfolk; (9) Town of Stoughton, town manager; (10) Stoughton Police Department; (11) Stoughton District Court; and (12) Sandra Lee Hammel. *Id.* at ¶¶ I(B).

As best as can be gleaned from the documents attached to plaintiff's complaint, Hammel seeks monetary damages due to the failure of the defendants to provide him "with adequate mental health counseling and medications." *See* Dkt. No. 1-1, p. 8. Hammel was "on permanent disability for PTSD, Depression, and Anxiety and was in active treatment up until [his] arrest." *Id.* In May 2016, Hammel arrived at the Norfolk County Correctional Center ("NCCC") and since August 2017 has spent much of his time in administrative segregation or placed with a cellmate which was contraindicated by his mental health condition. *Id.* at p. 9. He complains of additional psychological injury and disciplinary sanctions due to a classification incident involving another inmate in December 2017. *Id.* at p. 6. Additionally, Hammel contends that despite his physical and mental disabilities, he was criminally prosecuted (1) without proper investigation of alleged false statements made by Sandra Lee Hammel; (2) despite the repeated omission of exculpatory evidence; and (3) without regard to the "real facts." *Id.* at p. 5.

**II.     IN FORMA PAUPERIS**

Upon review of Hammel's motion for leave to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the $400.00 filing fee. The motion is therefore granted.  Pursuant to 28 U.S.C. § 1915(b)(2), plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to his account until the statutory filing fee has been paid in full.

**III.    SCREENING OF THE ACTION**

When a prisoner plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. §§ 1915, 1915A.  These provisions authorize federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *Id.*

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A plaintiff's complaint need not provide an exhaustive factual account, only "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 8(d)(1) imposes the additional pleading requirement that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of a clear

and distinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense." *See Belanger v. BNY Mellon Asset Management*, No. 15-cv-10198-ADB, 2015 WL 3407827 (D. Mass. May 27, 2015).

In conducting this review of the complaint, a *pro se* plaintiff such as Hammel is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). A *pro se* litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement. *See Koplow v. Watson*, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

## IV. LEGAL STANDARDS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

With respect to plaintiff's claim of a violation of the ADA, Title II of the ADA applies to the services provided by state and local governments, 42 U.S.C. § 12132 (Title II applies to "public entities"). A prisoner must allege that he has a disability and that he was excluded from services or benefits or otherwise discriminated against "by reason of [his] disability." *Mitchell v. Mass. Dep't. of Corr.*, 190 F. Supp. 2d 204, 211 (D. Mass. 2002).

## V. DISCUSSION

### A. The Complaint Fails to Comply with Basic Pleading Requirements of the Federal Rules of Civil Procedure

Here, the complaint fails to state a claim upon which relief may be granted. Plaintiff has not sufficiently identified the alleged acts of misconduct by each of the parties. The claims in the complaint are generalized and it is impossible to cull out the causes of action asserted against each of the defendants separately. The complaint is accompanied by 53 pages of documents with additional allegations and exhibits, and it would be unduly burdensome for the defendants to parse out or identify the precise grounds upon which each claim is based. Under the Federal Rules of Civil Procedure, the onus is on the plaintiff to submit a complaint which sets forth, in an organized fashion, each claim he seeks to assert.

### B. Claims Against the Stoughton Police Department, the Stoughton District Court and the Office of the Norfolk County District Attorney

Although named as parties, no specific allegations are made against the Stoughton Police Department, the Office of the Norfolk County District Attorney, or the Stoughton District Court. In any event, a Section 1983 claim cannot be pursued against these entities because they are not considered "persons" within the meaning within the meaning of § 1983. By its plain language, Section 1983 allows relief only where the would-be defendant is a "person." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) ("[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted.").

Further, the Stoughton Police Department is not a suable entity, *see Cronin v. Town of Amesbury*, 895 F. Supp. 375 (D. Mass. 1995) (granting summary judgment in favor of town police department as not a proper defendant in 1983 action), and such claims are not cognizable because the Stoughton Police Department has no legal existence or liability to suit separate from

its town. *See Henschel v. Worcester Police Dept., Worcester, Mass.*, 445 F.2d 624, 624 (1st Cir. 1971) (holding that a police department is not a suable entity, stating: "[i]f a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city...."); *Stratton v. City of Boston*, 731 F. Supp. 42, 46 (D. Mass. 1989) (holding that the Boston Police Department is not an independent legal entity; it is a department within the City of Boston). *See also Aldrich v. Town of Milton*, 881 F. Supp. 2d 158, 165 (D. Mass. 2012).

Similarly, the state court and office of the district attorney are not persons against whom a section 1983 claim for money damages may be asserted. Because the courts and the district attorney's office are considered arms of the State, they are immune from federal suit under the Eleventh Amendment to the United States Constitution. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Forte v. Sullivan*, 935 F.2d 1 n. 2 (1st Cir. 1991).

A plaintiff seeking to hold municipal defendants liable for constitutional violations under section 1983 cannot do so on a *respondeat superior* theory (a legal doctrine used to hold an employer responsible for the wrongful acts of its employee when the acts occurred during the scope of employment), but instead must allege that his constitutional rights were violated pursuant to a policy, practice or custom of the municipal defendant. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Thus, the complaint fails to state a claim for damages against the Stoughton Police Department, the Office of the Norfolk County District Attorney, or the Stoughton District Court, and such claims are subject to dismissal.

### C. Prosecutorial and Witness Immunity

It appears that Ms. Hammel, who testified in the underlying state-court proceedings, and the state-court prosecutors are also likely immune from the relief that plaintiff seeks. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken

pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013) ("The protection afforded by an absolute immunity endures even if the official acted maliciously and corruptly in exercising his judicial or prosecutorial functions.") (internal quotation marks omitted)).

With regard to Ms. Hammel, witnesses who testify in state-court proceedings are absolutely immune from liability for damages related to their testimony. *See Briscoe v. LaHue*, 460 U.S. 325 (1983) (holding all trial witnesses are immune from section 1983 liability arising from their testimony); *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012) (same, with respect to grand jury testimony).

Thus, the complaint currently fails to state a claim for damages against ADA Danielle Piccarini, ADA Lisa Beatty and Sandra Lee Hammel, and such claims, even if properly pled, would be subject to dismissal since these defendants are immune from suit.

### D.  *Rooker-Feldman* and *Younger* Doctrines

Assuming that plaintiff's state-court case has concluded in a judgment, this Court may be without subject-matter jurisdiction under the *Rooker-Feldman* doctrine to entertain what would be the functional equivalent of an appeal of the evidentiary rulings or other holdings in that case. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008).  To the extent that plaintiff's state-court case remains ongoing, this Court may abstain from exercising jurisdiction under the *Younger* doctrine.  *See Younger v. Harris*, 401 U.S. 37, 46 (1971).

**VI.     Order to Show Cause or Amend Complaint**

In light of the foregoing, this action will be dismissed in 42 days unless plaintiff demonstrates good cause in writing why this action should not be dismissed, or, in the alternative, files an amended complaint which cures the pleading deficiencies noted herein.

If Hammel files an amended complaint, he must set forth, with clarity, the alleged misconduct of each party and focus on the facts, rather than on legal argument. This should include concise, clear statements of the unlawful actions that plaintiff alleges occurred, timelines for when these events happened, and information about which defendants committed which acts. As an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Hammel should repeat in any amended complaint any allegations in the original complaint that he wishes to be part of the amended complaint.

Failure to comply with these directives or to provide a sufficient show cause response or amended complaint will result in dismissal of this action.  No summonses shall issue pending further Order of the Court.

**VII.    CONCLUSION**

Accordingly:

1.     The motion for leave to proceed *in forma pauperis* [Dkt. No. 6] is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(2), plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to his account until the statutory filing fee has been paid in full.

2.     If Plaintiff wishes to proceed with this action, he must, within forty-two (42) days from the date of this Memorandum and Order, show cause in writing why this action should not

be dismissed, or, in the alternative, file an Amended Complaint which cures the pleading deficiencies of the original complaint.

      3.      No summons shall issue pending further Order of the Court.

**SO ORDERED.**

July 27, 2018                                                                    /s/ Allison D. Burroughs
                                                                                   ALLISON D. BURROUGHS
                                                                                   U.S. DISTRICT JUDGE