UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON HAMMEL, | * |
| Plaintiff, | * |
| v. | * C.A. No. 18-10734-ADB |
| NORFOLK COUNTY D.A. OFFICE, et al., | * |
| Defendants. | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §§ 1915, 1915A.

**I. PROCEDURAL BACKGROUND**

Plaintiff Jason Hammel initiated this civil rights action concerning events that occurred while he was in custody of the Norfolk County Sheriff. *See* Dkt. No. 1. He complains that the Norfolk County defendants failed to provide adequate mental health treatment and that despite his physical and mental disabilities, he was criminally prosecuted even with the omission of exculpatory evidence and without proper investigation of alleged false statements made by his mother. *Id.* He seeks monetary damages and names the following twelve defendants: (1) the Norfolk County District Attorneys' Office; (2) ADA Danielle Piccarini; (3) ADA Lisa Beatty; (4) Sheriff Michael Bellotti; (5) Dr. Patricia Pickett; (6) Superintendent Gerard Horgan; (7) Assistant Deputy Superintendent Danielle Boomhower; (8) County of Norfolk; (9) Town of Stoughton, town manager; (10) Stoughton Police Department; (11) Stoughton District Court; and (12) Sandree Lee Hammel. *Id.*

Because this action was commenced without payment of the filing fee, Hammel was granted additional time either to pay the fee or file a motion to proceed *in forma pauperis*. *See* Dkt. No. 5. The Procedural Order explained that unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee and that the Court would direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *Id.* at n. 2. Even if the action is dismissed upon a preliminary screening, the plaintiff remains obligated to pay the fee. *Id.* In response, Hammel filed a motion to proceed *in forma pauperis* accompanied by a copy of his prison account statement. *See* Dkt. Nos. 6, 7.

By Memorandum and Order dated July 27, 2018, Hammel's motion to proceed *in forma pauperis* was granted and he was assessed an obligation to make monthly payments towards the filing fee pursuant to 28 U.S.C. § 1915(b)(2). *See* Dkt. No. 8. Additionally, he was advised that his complaint would be dismissed pursuant to 28 U.S.C. §§ 1915, 1915A, unless he demonstrates good cause in writing why this action should not be dismissed, or, in the alternative, files an amended complaint. *Id.* The Order explained that the complaint fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure and fails to state a claim against the Stoughton Police Department, the Stoughton District Court and the Office of the Norfolk County District Attorney. The Order stated that pursuant to the *Rooker-Feldman* and *Younger* doctrines, this Court is without subject matter jurisdiction to review the state court proceedings. Finally, the Order explained that the complaint fails to state a claim for damages against ADA Danielle Piccarini, ADA Lisa Beatty and Sandree Lee Hammel since these defendants are immune from suit.

Now before the Court is plaintiff Jason Hammel's response to the Court's order to show cause. *See* Dkt. No. 10.

**II.    DISCUSSION**

In his eight-page, handwritten response, Hammel asks the Court to "keep this docket [number] active until [Hammel's] release in 7 months." *See* Dkt. No. 10, p. 1.  Hammel then asks the Court to freeze any further withdrawals from his prison account for payment of the filing fee.  Under the *in forma pauperis statute*, the court is directed to "assess and, when funds exist, collect" payments towards the filing fee based upon the statutory formula.  *See* 28 U.S.C. § 1915(b)(1).  Thus, the Court is unable to freeze further withdrawals from Hammel's account.

Next, Hammel asks to have his case move forward against the following 6 defendants: (1) Sheriff Michael Bellotti; (2) Dr. Patricia Pickett; (3) Superintendent Gerard Horgan; (4) Norfolk County; (5) the Town of Stoughton; and (6) Sandra Hammel.  *Id.* at p. 4.  Hammel's response includes one written paragraph for each of these six defendants in which he makes very general and conclusory allegations against each defendant, but without the specificity needed to state a claim.  *Id.* at pages 5 - 8.

After carefully reviewing Hammel's response, the Court finds that plaintiff has failed to demonstrate any reason why this action should not be dismissed.  Although Hammel again states that his civil rights were violated while he was a pre-trial detainee due to the lack of adequate mental health treatment, he fails to address the pleading deficiencies outlined in this Court's Memorandum and Order.  Plaintiff had a full opportunity file an amended complaint or to allege facts sufficient to state a claim and the Court concludes that it would be futile to permit further amendment.

## III. ORDER

Accordingly, based on the foregoing and for the reasons previously set forth in the Memorandum and Order (Dkt. No. 8), it is hereby ORDERED that this action is dismissed pursuant to 28 U.S.C. §§ 1915, 1915A.

**SO ORDERED.**

January 10, 2019 /s/ *Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE